UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JANSEN,

    Petitioner,

    v.

B. GOWER, Warden,

    Respondent.

                                 /

No. C 12-4695 SI (pr)

**ORDER DENYING DISCOVERY**

Michael Jansen filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to attack his conviction for making a criminal threat and willful infliction of corporal injury on a spouse or cohabitant. He alleges in his petition that his nolo contendere plea was involuntary because it was made while he was under duress, and that his lawyer provided ineffective assistance of counsel in not filing a timely motion to withdraw the plea. The court found these claims to be cognizable, and ordered respondent to file an answer.

Jansen has sent to the court a subpoena duces tecum, implicitly asking the court to issue and serve the subpoena. The subpoena is directed to the Santa Rosa Police department, and asks for production of a police report from on or about May 20 or 21, 2010 regarding a taped interview of Jansen and Lisa Land, as well as "any electronicly (sic) stored material from incident on or around that date."

Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery. Discovery is only allowed to the extent that the court, in the exercise of its discretion and for good cause shown, allows it. *See* Rule 6(a) of the Federal Rules

1  Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.
2  Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court
3  show reason to believe that the petitioner may, if the facts are fully developed, be able to
4  demonstrate that he is . . . entitled to relief . . .'" *See Bracy v. Gramley*, 520 U.S. 899, 908-09
5  (1997) (citation omitted); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

6      Jansen has not shown good cause for the court to permit discovery in this habeas action.
7  Therefore, the clerk will not issue the requested subpoena.

8      In the letter in which he originally requested the subpoena forms, Jansen asked if it was
9  necessary to type all filings. (Docket # 6.) It is not necessary that documents submitted for
10 filing be typed. The court accepts handwritten as well as typewritten documents from *pro se*
11 litigants, and only requires that the handwriting be legible.

12     IT IS SO ORDERED.
13 DATED: October 12, 2012

                                                  SUSAN ILLSTON
14                                                   United States District Judge