UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JANSEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B. GOWER, Warden,<br><br>　　　　Respondent.<br>_____/ | No. C 12-4695 SI (pr)<br><br>**ORDER DENYING DISCOVERY AND RELEASE ON OWN RECOGNIZANCE, AND GRANTING EXTENSION OF DEADLINE** |

Petitioner filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to attack his conviction for making a criminal threat and willful infliction of corporal injury on a spouse or cohabitant. He alleges in his petition that his nolo contendere plea was involuntary because it was made while he was under duress, and that his lawyer provided ineffective assistance of counsel in not filing a timely motion to withdraw the plea. The court found these claims to be cognizable, and ordered respondent to file an answer.

In a letter dated October 22, 2012 (Docket # 9), petitioner requested that the court reconsider its October 12, 2012 order (Docket # 7) denying his request to issue a subpoena to the Santa Rosa Police Department. The request for reconsideration is DENIED because petitioner has not shown good cause for discovery. (Docket # 9). The requested police report was written more than six months after he pled guilty, and does not appear to be relevant to the voluntariness of the plea.

Petitioner filed a motion for release on appearance bond. The only legal authority he cited, California Penal Code § 1476, does not apply to a federal habeas action. It remains

undecided in the Ninth Circuit whether a prisoner may be released on bail during the pendency of his district court habeas action. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). Assuming *arguendo* that the district court has the authority to release a state prisoner on bail pending resolution of a habeas proceeding, such a release could occur only in extraordinary cases involving special circumstances or a high probability of success. *See id.* (*quoting Land v. Deeds*, 878 F.2d 318, 318-9 (9th Cir. 1989)); *see, e.g., In re Roe*, 257 F.3d at 1079-80 (district court erred in releasing prisoner on bail during the pendency of his district court habeas proceeding because allegations of actual innocence, failing health, discovery abuses by opponent and available lodging did not satisfy the *Land* standard for release).  Like *Roe*, this court need not decide whether release pending resolution of a habeas proceeding is allowable because petitioner has not met the demanding standard for any such release.  His is not an extraordinary case, and he has not shown that special circumstances exist or that he has a high probability of success in this action.  A further impediment to release for this particular petitioner would his dismal record on supervised release: he currently is in prison (rather than being subjected to a suspended sentence) because his probation was revoked on at least three occasions in this case, according to the California Court of Appeal decision filed on July 26, 2012 in *People v. Jansen*, No. A132681.  Petitioner's motion for release on an appearance bond is DENIED.  (Docket # 8.)

Respondent filed a request for an extension of time to file a response to the petition. Having considered the request and the accompanying declaration of attorney Catherine Rivlin (and petitioner's response to the request), the court GRANTS respondent's request. (Docket # 10.)  Respondent must file and serve his response to the petition no later than **December 21, 2012**.  Petitioner must file and serve his traverse no later than **February 1, 2013.**

Petitioner filed a "motion for issuance of writ of habeas corpus" in which he urged that the court should grant habeas relief due to respondent's failure to timely file an answer to his petition.  Respondent timely requested an extension of his November 15, 2012 deadline on November 14, 2012.  Petitioner may not have received a copy of the request until November 17 (i.e., the date on which he mailed his response to the request) because it was mailed to him, but

2

the request was timely filed and service by mail was acceptable. Further, the availability of habeas relief by default is at least questionable. *Cf. Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.), *cert. denied*, 469 U.S. 874 (1984) ("were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them").

IT IS SO ORDERED.

DATED: November 27, 2012

_____
SUSAN ILLSTON
United States District Judge