**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JANSEN,

             Petitioner,

    v.

B. GOWER, Warden,

             Respondent.

                              /

No. C 12-4695 SI (pr)

**ORDER OF DISMISSAL**

**INTRODUCTION**

Michael Jansen, an inmate at the California Correctional Center in Susanville, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court found two claims in the habeas petition cognizable and ordered respondent to show cause why the petition would not be granted. Respondent then filed a motion to dismiss on the grounds of untimeliness and non-exhaustion of state judicial remedies, which Jansen opposed. For the reasons discussed below, the action will be dismissed as barred by the statute of limitations.

**BACKGROUND**

Jansen pled nolo contendere and was convicted in Sonoma County Superior Court of inflicting corporal injury upon a spouse or cohabitant (a felony), making criminal threats (a felony), and threatening a police officer (a misdemeanor). On November 9, 2009, Jansen was sentenced to six years and eight months in state prison. Execution of the prison sentence was suspended and Jansen was placed on formal probation. He did not appeal.

1    On July 11, 2011, probation was revoked and the previously suspended prison sentence

2    was ordered executed.[1]  Jansen appealed the restitution orders.  The California Court of Appeal

3    ordered the restitution fines modified in an opinion filed on July 26, 2012 in Case Ns. A132681

4    and A133220.  No petition for review to the California Supreme Court was filed.

5    On August 2, 2011, Jansen filed a state habeas petition in the Sonoma County Superior

6    Court asserting that his no-contest plea was invalid because he was under duress, and that his

7    motion to vacate his judgment due to an invalid plea had been denied improperly.  The Sonoma

8    County Superior Court denied the petition on October 3, 2011.

9    On October 26, 2011, Jansen filed a habeas petition in the California Court of Appeal,

10   raising the same issues.  The petition was denied on November 3, 2011.

11   On November 28, 2011, Jansen filed a habeas petition in the California Supreme Court,

12   raising the same issues.  The petition was denied on March 21, 2012.  The petition did not assert

13   an ineffective-assistance-of-counsel claim.

14   Jansen then filed a federal habeas petition.  His federal petition has an August 21, 2012

15   signature date and came to the court in an envelope dated August 24, 2012.  The petition was

16   stamped "filed" on September 7, 2012.

17   Due to Jansen's status as a prisoner proceeding *pro se*, he receives the benefit of the

18   prisoner mailbox rule, which deems most documents filed when they are given to prison officials

19   to mail to the court rather than the day the document reaches the courthouse.  *See Stillman v.*

20   *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  For purposes of the present motion, the federal

21   petition is deemed filed as of the date of the signature on it.

22

23

24

25

26   [1]Jansen's probation was revoked and reinstated several times between its imposition in
     November 2009 and the final revocation in July 2011, but those revocations are not relevant to
27   the federal habeas petition.

28

2

**DISCUSSION**

A.      Propriety Of Motion To Dismiss

Before turning to the merits of respondent's motion, it is necessary to address Jansen's argument that the motion to dismiss was improper because the defects in his petition were not "clear from the face of the [petition]."  Docket # 16, p. 2.  There is no requirement that a petition's defect be patent in order to be challenged via a motion to dismiss.  Respondent's motion to dismiss was permissible.  *See White v. Lewis*, 874 F.2d 599, 600, 602-03 (9th Cir. 1989).  "While there may be circumstances where concerns about delay and efficiency militate in favor of ordering a full scale answer," the Rules Governing Habeas Corpus Cases In The U.S. District Courts and the advisory committee's notes thereto do not impose a " blanket bar against motions to dismiss without regard to their merit."  *Id.* at 603.  The court is receptive to a respondent raising threshold problems (such as lack of jurisdiction, failure to exhaust, improper venue, lack of custody, mootness, and untimeliness) by motion rather than in the answer because it often is a more efficient process for the litigants and the court.  When the court sees a procedural problem in its initial review of a habeas petition, it often invites a motion to dismiss rather than an answer.  However, as here, there often is not enough information in the petition to alert the court to the existence of a potential procedural problem and the court issues an order to show cause why the writ should not be granted.  By doing so, the court does not intend to preclude respondent from moving to dismiss the petition for a threshold procedural problem.


B.      The Petition Is Untimely

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made

1  retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been

2  discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

3      Selection of the date for the commencement of the limitations period depends on the

4  manner of imposition of the sentence in a case involving probation.  In California, a court can

5  (1) suspend the imposition of a sentence or (2) impose a sentence while suspending execution

6  of it during the pendency of probation.  In the first scenario (i.e., suspended imposition), there

7  is no final judgment to appeal.  *See People v. Howard*, 16 Cal. 4th 1081, 1087 (Cal. 1997).  In

8  the second scenario (i.e., suspended execution), there is a judgment that is immediately

9  appealable and appeal must be taken from the original imposition of the sentence.  *See id.*

10     Jansen's sentence was of the second sort, i.e., a sentence was imposed but its execution

11  was suspended while he was on probation.[2]  There was an appealable judgment as of November

12  9, 2009, when the Sonoma County Superior Court imposed the 6 year, 8 month prison sentence

13  while suspending execution of it during the pendency of probation.  Jansen's time to appeal

14  started immediately.  As of November 9, 2009, Jansen "had the right to appeal at that time and

15  raise all matters going to the validity of his . . . conviction, and because he failed to do so," he

16  generally could not in a later appeal from the decision to revoke probation raise claims of error

17  in the original plea proceedings or at the trial that led to the sentence that had been imposed but

18  suspended.  *People v. Munoz*, 51 Cal. App. 3d 559, 563 (Cal. Ct. App. 1975).  *Munoz* does note

19  an exception that allows a defendant to assert an ineffective-assistance-of-counsel claim in an

20  appeal from the revocation of probation, *see id.*, but Jansen's appeal after probation revocation

21  did not assert an IAC claim with regard to the original sentence or conviction.

22     Jansen's judgment became final on January 8, 2010, sixty days after entry of the judgment

23  by oral announcement as that is the date on which the time for him to file an appeal expired.  *See*

24  Cal. Penal Code § 1237(a); Cal. Rule of Court 8.308; *People v. Thomas*, 52 Cal. 2d 521, 529 n.3

25  ───────────────

26  [2]On the "Felony Probation/Conditional Sentence" form filed November 9, 2009 in Sonoma
    County Superior Court, choice 5 ("Imposition of sentence suspended") was not circled and choice # 10

27  ("Execution of sentence suspended") was circled.  *See* Resp. Ex. A at § S.   The form also had specific
    sentences written for the various crimes, noting a total aggregate term of 6 years and 8 months.  *See id.*

28  The superior court imposed "formal probation" of 48 months.  *See id.* at § "G".

4

1   (Cal. 1959) ("judgment is rendered when sentence is orally announced"); *see also Bowen v. Roe*,

2   188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the

3   petitioner could have sought further direct review, regardless of whether he did so).

4         Jansen argues that his time to appeal did not start until "the order was made denying the

5   motion to vacate the judgment on July 11, 2011."  Docket # 16, p. 2.  This argument fails to

6   persuade because, under the reasoning in *Munoz* and *Howard*, the time to appeal the conviction

7   and sentence imposed started on November 9, 2009, when the court orally announced Jansen's

8   sentence.  The later revocation of probation and imposition of the prison terms did not start anew

9   the one-year deadline for a challenge to the November 9, 2009 imposition of sentence.  *See*

10  *generally Prendergast v. Clements*, 699 F.3d 1182, 1186-87 (10th Cir. 2012) (timely challenge

11  to resentencing upon revocation of Colorado probation did not permit untimely challenges to the

12  original conviction); *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2006) (Texas state court

13  order of deferred adjudication community supervision or straight probation was a final judgment

14  for purposes of triggering the federal habeas limitations period); *see id.* at 529 ("Permitting a

15  petitioner to bring a habeas corpus petition challenging an order of probation as many as ten

16  years after he was originally placed on probation would be contrary to congressional intent" in

17  the AEDPA); *Hanington v. Wengler*, 2013 WL 828219, *3 (D. Idaho 2013) (federal petition

18  untimely when it was not filed within one year of Idaho trial court's imposition of a "withheld

19  judgment, a suspended prison sentence, and probation" even though it was within a year after

20  the revocation of the withheld judgment two years later).

21        The presumptive deadline for Jansen to file his federal petition was January 7, 2011.  He

22  missed that deadline by many months, so unless he qualifies for substantial tolling, the petition

23  is untimely.

24        The one-year limitations period is tolled for the "time during which a properly filed

25  application for State post-conviction or other collateral review with respect to the pertinent

26  judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Jansen receives no statutory tolling

27  because he filed no state habeas petitions before the limitations period expired.  His state habeas

28

1  petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. *See*

2  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit

3  the reinitiation of the limitations period that has ended before the state petition was filed," even

4  if the state petition was timely filed).

5      The § 2244(d) limitations period can be equitably tolled for a petitioner who shows that

6  he pursued his rights with reasonable diligence and that some extraordinary circumstance stood

7  in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

8  Jansen does not show any basis for equitable tolling of the limitations period.

9      Jansen's federal petition was deemed filed on August 21, 2012, more than nineteen

10  months after the limitations period had expired.  The petition must be dismissed because it was

11  not filed before the expiration of the habeas statute of limitations period.  In light of the

12  resolution of the untimeliness question, the court does not address the non-exhaust of the

13  ineffective assistance of counsel claim.

14

15  C.    Request For Appointment of Counsel

16      Petitioner requests that counsel be appointed to represent him in this action.  A district

17  court may appoint counsel to represent a habeas petitioner whenever "the court determines that

18  the interests of justice so require" and such person is financially unable to obtain representation.

19  18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the

20  district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is

21  mandatory only when the circumstances of a particular case indicate that appointed counsel is

22  necessary to prevent due process violations. *See id.*  The interests of justice do not require

23  appointment of counsel in this action.  The request for appointment of counsel is DENIED.

24  (Docket # 18.)

25  /  /  /

26  /  /  /

27

28

6

1  D.    No Certificate of Appealability

2       A certificate of appealability will not issue because this is not a case in which "jurists of

3  reason would find it debatable whether the petition states a valid claim of the denial of a

4  constitutional right and that jurists of reason would find it debatable whether the district court

5  was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

6

7                              **CONCLUSION**

8       Respondent's motion to dismiss is GRANTED.  (Docket # 14.)  The petition for writ

9  of habeas corpus is dismissed because it was not filed before the expiration of the limitations

10  period in 28 U.S.C. § 2244(d)(1).

11       The clerk will close the file.

12       IT IS SO ORDERED.

13  DATED: June 13, 2013                    _____
                                              SUSAN ILLSTON
14                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28